## UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF MASSACHUSETTS

```
*******************************
Richard Rich and Lori Bryan,      )
   Plaintiffs                     )
                                  )
v.                                )  COMPLAINT AND DEMAND
                                  )      FOR JURY TRIAL
Middlesex Corporation,            )
   and                            )
Amanda Collins,                   )
   Defendants                     )
*******************************
```

## PARTIES AND JURISDICTION

1. The Plaintiffs, Richard Rich and Lori Bryan, are New Hampshire residents with an address of 85 Milford Street, Manchester, New Hampshire, 03102. At all times relevant, the Plaintiff Lori Bryan was the lawful wife of the Plaintiff Richard Rich.

2. The Defendant, Middlesex Corporation, is a domestic Corporation with a principal place of business at One Spectacle Pond Road, Littleton, Massachusetts, 01460.

3. The Defendant, Amanda Collins currently resides at 262 Chestnut Street, Gardner, Massachusetts, 01440.

4. Jurisdiction is invoked pursuant to 28 U.S.C. §1332(a), based on diversity of citizenship. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that the subject personal injury of August 31, 2015, occurred in Wilmington, MA.

## BASIC FACTS OF THE INCIDENT

6.      The Defendant Middlesex Corporation was the owner of the vehicle driven by the Defendant Amanda Collins on August 31, 2015.

7.      The Defendant Amanda Collins was the driver of a vehicle owned by the Defendant Middlesex Corporation.

8.      Plaintiff Richard Rich was the driver of a vehicle owned by Loveland Trucking.

9.      On August 31, 2015, Plaintiff Richard Rich, in the course of his employment as a truck driver for Loveland Trucking, was operating an 18-wheel tractor trailer truck on Route 93 in Wilmington, MA.

10.     Mr. Rich was traveling in a southerly direction in the second of four lanes. Traffic was heavy and slow, and Mr. Rich came to a stop behind a Mitsubishi box truck owned and operated by Bernard Mburu. Within about five seconds of stopping, a Mack dump truck, hauling approximately 77,000 pounds of asphalt, barreled into the back of Mr. Rich's truck. The Mack truck, driven by Amanda Collins and owned by Middlesex Paving, was estimated to have been traveling at approximately 65 miles-per-hour when it attempted to stop behind Mr. Rich's truck, but was unable to do so because of its speed and the weight of its load.

11.     The impact to the rear of the 18-wheeler was substantial, pushing the large truck forward, where it collided with the rear of the box truck. The impact dislodged the transmission of the Mack dump truck, and the broken transmission caused an oil spill in the road.

12.     Mr. Rich's body was jolted forward and then backward before it rested slumped over the steering wheel. He lost consciousness for a brief period When he awoke, there was smoke throughout the cabin. The driver of the box truck had come to offer assistance. The Massachusetts State Trooper then arrived at the scene, and Mr. Rich was instructed to wait in his truck for paramedics. Mr. Rich was transported by ambulance to Lahey Clinic for diagnosis and treatment of his numerous injuries.

13.     The 18-wheel truck Mr. Rich was operating sustained heavy damage to its front and rear ends and was towed from the scene. The dump truck operated by Ms. Collins also sustained heavy front-end damage. It was also towed from the scene.

## COUNT I-NEGLIGENCE (DIRECT LIABILITY)- PLAINTIFFS V. AMANDA COLLINS

14.     Each and every fact and allegation stated above is incorporated herein and made a part hereof as if fully restated.

15. The incident, injuries and damages described herein were caused by the carelessness, negligence, and negligence per se of Defendant Collins, in the following particular respects:

    a. Failing to operate the vehicle with due care and with due regard for the safety of others;

    b. Failing to maintain a proper and adequate look out;

    c. Failing to operate the vehicle with due care and due regard for road conditions;

    d. Failing to operate the vehicle at a safe and reasonable speed;

    e. Operating the vehicle at a speed in excess of the posted speed limit;

    f. Operating at a high rate of speed under the circumstances;

    g. Failing to properly observe and react to conditions existing at the time of the incident;

    h. Failing to brake and timely stop the vehicle;

    i. Failing to take other avoidance measures;

    j. Failing to remain alert and attentive;

    k. Failing to maintain a proper lookout, to maintain a safe distance between her Mack dump truck and the 18-wheel truck stopped in front of her, to maintain a reasonable rate of speed for the conditions then and there existing, to apply her brakes to avoid striking other vehicles from behind in a rear-end collision, to be alert and attentive at all times to her driving responsibility, to keep her vehicle under control at all times, and otherwise to exercise due care in the operation of her vehicle;

    l. Driving too fast for the traffic conditions and the weight of the load she was carrying. A citation was issued to Ms. Collins for Violation of Code 720 CMR 9.06(9) [failure to exercise care in starting, stopping, turning or

        backing]. According to the police report, "Collins was cited for failure to use care in stopping."

    m.    Violating the acts of the Commonwealth of Massachusetts concerning the operation of vehicles, including the Code of Massachusetts Regulations; and

    n.    Violating and failing to adhere to applicable statutes, ordinances, rules, regulations and standards governing or relating to the operation of vehicles.

16. Defendant Middlesex Corporation is vicariously liable for the negligence of Defendant Collins as set forth above.

17. The foregoing carelessness, negligence, and liability of Defendants Middlesex Corporation and Amanda Collins, and each of them, increased the risk of harm, injuries and damages described herein, and were a substantial contributing factor in causing those injuries and damages.

    **WHEREFORE**, the Plaintiff, Richard Rich, seeks and demands judgment against the Defendants in the amount of his damages, costs and interest in reasonable attorney's fees.

## COUNT II - NEGLIGENCE (DIRECT LIABILITY) – PLAINTIFFS V. MIDDLESEX CORPORATION

18. Each and every fact and allegation stated above is incorporated herein and made a part hereof as if fully restated.

19. The incident, injuries and damages described herein were caused by the carelessness and negligence of Defendant Middlesex Corporation, individually, jointly

5

and/or severally, by and/or through their agents, workmen, servants and/or employees, both generally and in the following particular respects:

    a.    Failing to hire safe and competent drivers;

    b.    Hiring and/or otherwise retaining Defendant, Amanda Collins, as a driver;

    c.    Failing to ensure that competent, qualified, safe, and experienced drivers were hired;

    d.    Failing to ensure that only competent, qualified, safe and experienced drivers were retained;

    e.    Failing to ensure the training of Amanda Collins;

    f.    Failing to properly train and supervise Amanda Collins;

    g.    Failing to create, institute, adopt, enforce and comply with policies and procedures concerning the operation of tractor-trailers, including but not limited to safe driving procedures.

20.    The foregoing carelessness and negligence of Defendant Middlesex Corporation increased the risk of harm, injuries and damages described herein, and were a substantial contributing factor in causing those injuries and damages.

**WHEREFORE**, the Plaintiff, Richard Rich, seeks and demands judgment against the Defendant in the amount of his damages, costs and interest in reasonable attorney's fees.

## COUNT III - NEGLIGENCE (VICARIOUS LIABILITY) – PLAINTIFFS V. MIDDLESEX CORPORATION

21. Each and every fact and allegation stated above is incorporated herein and made a part hereof as if fully restated.

22. At all times relevant, the Defendant Amanda Collins was acting within the scope of her employment by the Defendant Middlesex Corporation.

23. In the circumstances, the Defendant Middlesex Corporation is vicariously liable for the actions of the Defendant Collins.

**WHEREFORE**, the Plaintiff, Richard Rich, seeks and demands judgment against the Defendant in the amount of his damages, costs and interest in reasonable attorney's fees.

## COUNT III - LOSS OF CONSORTIUM

24. Each and every fact and allegation stated above is incorporated herein and made a part hereof as if fully restated.

25. At all times relevant herein, Lori Bryan was the lawful wife of the Plaintiff, Richard Rich, Jr.

26. As a direct and proximate result of the Defendants' negligence, the Plaintiff, Lori Bryan, did suffer the loss of her husband's care, comfort, and consortium and was otherwise damaged.

**WHEREFORE**, the Plaintiff, Lori Bryan, seeks and demands judgment against the Defendants in the amount of her damages, costs and interest in reasonable attorney's fees.

## JURY DEMAND

Richard Rich and Lori Bryan demand a jury on all counts so triable.

                                            Respectfully submitted,
                                            RICHARD RICH AND LORI BRYAN

                                            By and through their attorneys,
                                            SHAHEEN & GORDON, P.A.

Dated: <u>August 6, 2018</u>            By:  <u>/s/ Francis Murphy</u>
                                                  Francis Murphy, Esquire
                                                  BBO #362470
                                                  80 Merrimack Street
                                                  Manchester, NH 03101
                                                  (603) 669-8080
                                                  fmurphy@Shaheengordon.com